UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18 CR 75   CDP |
| | ) | |
| JAMES EMMITT COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Defendant James Emmitt Coleman initially filed a *pro se* motion for
compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Appointed counsel later
filed an amended motion, and both counsel and Coleman have filed additional
supplements.  The motions argue that Coleman is at risk of contracting or having a
serious course of illness if he contracts COVID-19 while incarcerated in the Bureau of
Prisons.  His serious medical conditions include obesity and a history of chest and
lung trauma and surgeries because of three shootings.   The government opposes the
motion, arguing that defendant has failed to show extraordinary and compelling
reasons warranting a reduction of sentence.

I conclude that Coleman has shown extraordinary and compelling reasons
warranting compassionate release.  When I consider the sentencing factors under 18
U.S.C. § 3553(a) and whether he is a danger to the community I conclude that it is
appropriate to grant his motion for compassionate release.  I will order that his

sentence be reduced to time served with an additional condition of four months of home confinement.  This order will be stayed for up to fourteen calendar days to allow the Bureau of Prisons to arrange for appropriate quarantine, if necessary, and for appropriate travel arrangements to be made.

## Discussion

On October 25, 2018, defendant pleaded guilty to two counts—felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and distribution of a mixture or substance containing heroin and fentanyl in violation of 21 U.S.C. § 841(b)(1)(C)—and the government agreed to dismiss a third count charging him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  The dismissed § 924(c) charge would have carried a mandatory minimum sentence of five years consecutive to any other sentence.   The parties jointly recommended a sentence of 48 months' imprisonment.  The presentence report determined the United States Sentencing Guidelines range was 30 to 37 months.  The plea agreement had contemplated that the joint recommendation of 48 months might be higher than the guidelines range and I sentenced Coleman to the agreed 48 months on January 28, 2019.  He is currently housed at the Federal Medical Center at Springfield, Missouri, with a projected release date of November 7, 2021.

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c).  Before the passage of the First Step Act of 2018, Pub.

L. No. 115-391, 132 Stat. 5194 (2018), a defendant could not file a motion for compassionate release directly with the court.  Instead, only the Bureau of Prisons could request compassionate release.  *United States v. Rodd*, 966 F.3d 740, 745 (8th Cir. 2020).  The First Step Act changed that so that a defendant may now file a direct motion with the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, . . . ."  § 3582(c)(1)(A).  Coleman has now properly exhausted his administrative remedies because his request for a reduction in sentence was denied.  [ECF 73-2]

Under 18 U.S.C. § 3582(c)(1)(A), compassionate release may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  The statute also provides—as it did before the passage of the First Step Act—that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The government argues that compassionate release may only be granted if to do so is consistent with U.S.S.G. §1B1.13 cmt. n.1(A)-(D), which contains specific reasons that could qualify a defendant for compassionate release.  The guideline has

not been amended to reflect the changes wrought by the First Step Act.[1]  Because the Sentencing Commission has not provided guidance for compassionate release motions made directly to a court, many courts have found that there is no "applicable policy statement" that limits a court's discretion in considering such a motion.  *See, e.g., United States v. Brooker,* 976 F.3d 228, 234-37 (2nd Cir. 2020); *United States v. King*, Cr. 15-50050-JLN, 2020 WL 6146446 at *3-5 (D.S.D. Oct. 20, 2020); *United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904 at * 3 (N.D. Ia. Jan. 8, 2020); *United States v. Urkevich*, 8:03-CR-37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019); *United States v. Brown*, 4:05-CR-00227-1, 2020 WL 2091802 at * 5-6 (S.D. Ia. Apr. 29, 2020).[2]

I agree with those courts that have concluded that we are no longer limited to the factors that would have bound the courts and the Bureau of Prisons before passage of the First Step Act.  The guideline itself is inconsistent with the amended statute because it requires the Director of the Bureau of Prisons to make a motion for compassionate release.  Application Note 1 is inconsistent with the new law because

---

[1] The United States Sentencing Commission has not had a quorum since passage of the First Step Act so has not passed any amendments for several years.

[2] In *Rodd, supra,* the Eighth Circuit found it unnecessary to decide this issue because the district court determined Rodd should not get relief even if a more expansive definition of "extraordinary and compelling reasons" was used.  966 F.3d at 747-48.  *Accord, United States v. Ruffin,* __F.3d. __, No. 20-5748, 2020 WL 6268582 (6th Cir. Oct. 26, 2020).

its list of specific reasons that could justify compassionate release (specific medical conditions, age, specific family circumstances) are not required by the statute. Moreover, its catch-all "other reasons" subsection requires the Director of the Bureau of Prisons to determine what are "extraordinary and compelling" reasons, which is inconsistent with the amendment's grant of jurisdiction to the courts.  I conclude that the guidelines provision and its application note provide helpful guidance, but do not limit the factors I can consider in determining whether compassionate release should be granted.

Coleman argues that he has extraordinary and compelling reasons warranting release because of his obesity and his serious lung condition after having been the victim of gunshot wounds on three occasions.  From the last shooting, in 2012, he suffered a hemothorax and had surgery which required blood transfusions and ten days in the hospital.  He argues that because of his fragile medical conditions and the fact that COVID-19 frequently affects the lungs, he is at higher risk of severe complications should he contract the virus.  He also argues that his race (African American) places him at greater risk.  He points out that the disease poses an enhanced danger to anyone confined in jail or prison because of the communal living situation, the impossibility of social distancing in the prison setting, and the general conditions, including inadequate sanitation.  In supplemental filings he also indicates that he had been referred for an orthopedic consultation in the spring which was later

5

canceled, and that he has a serious knee condition.   Another supplemental filing points out that FMC Springfield has recently had a very serious outbreak of COVID, and that it is impossible for him to be socially distant from his fellow prisoners.[3]

I agree that Coleman's serious lung condition and his obesity are extraordinary and compelling reasons warranting a reduction in sentence.  Both his obesity and his history of hemothorax requiring surgery are issues that could cause him to suffer a very serious course of illness should he contract COVID.  When I consider all the sentencing factors listed in 18 U.S.C. § 3553(a) as well as whether Coleman is a danger to the community, I also conclude that a reduction in sentence is appropriate.  I will, however, add an additional condition of supervised release that he be placed on home confinement for a period of four months, because of the seriousness of his crime in this case.

Coleman's home plan is to return to the family home and live with his wife and three children.  Additionally, he points out that he is the father of a 4 year old child who has recently been placed in foster care with his maternal grandmother.  Coleman

---

[3] As of today, the BOP website says that there are currently 133 inmates and 41 staff members who are positive for COVID-19; five inmates have died; 151 inmates and 41 staff members have recovered. *Federal Bureau of Prisons, Covid-19 Coronavirus*, https://www.bop.gov/coronavirus (last accessed November 16, 2020).  As recently as two months ago the BOP was reporting no positive inmates or staff and no deaths at Springfield.   In other words, Coleman's argument that things have changed for the worse is correct.

was not able to attend the Family Court hearing by video, but that court granted him visitation rights with his son and he wishes to take an active role in his life.  He has had no disciplinary write-ups while in the BOP and has completed a number of education programs, including obtaining his GED and having occupational training in plumbing.

The government argues that Coleman was convicted of a serious crime and that lowering his sentence is unjust.  There is no doubt that his crime was serious:  upon his arrest he was in possession of two loaded firearms and a quantity of narcotics.  His prior felony convictions include possession of a loaded weapon while intoxicated, burglary second degree and unlawful possession of a firearm.  Even recognizing the seriousness of the crime, however, I conclude that Coleman's medical conditions, family responsibilities, and his record while incarcerated indicate that he will not be a danger when released.  I will require a four-month period of home confinement as an additional condition of supervised release because of the seriousness of the crime.

I will reduce defendant's sentence to time served, for the reasons stated above, with an additional condition of supervised release of four months of home confinement.  I will also provide that the Bureau of Prisons may delay defendant's release for a period not to exceed fourteen days and only if necessary for quarantine or to make travel arrangements for his release.

Accordingly,

**IT IS HEREBY ORDERED** that defendant James Emmitt Coleman's motions for compassionate release [60, 66] are granted and defendant's sentence of imprisonment is reduced to time served, provided that the Bureau of Prisons may delay his release for a period not to exceed fourteen days only for the purpose of any necessary quarantine or to make travel arrangements for his release.

An Amended Judgment complying with this Order and Memorandum is entered separately today.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2020.